IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 9, 2019

## ANTONIO Q. CLIFTON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
No. 98-03191     Jennifer Johnson Mitchell, Judge

_____

### No. W2018-02289-CCA-R3-HC

_____

In 1998 and 1999, the Petitioner pleaded guilty to three different drug offenses. *State v. Antonio Clifton*, No. W2016-00175-CCA-R3-CD, 2016 WL 6427862, at *1 (Tenn. Crim. App., at Jackson, Oct. 31, 2016), *no Tenn. R. App. P. 11 application filed.* Several years later, the Petitioner filed a petition for a writ of habeas corpus and a motion to correct an illegal sentence, both of which were denied based on the fact that his sentences had expired. The Petitioner filed this, his second petition for a writ of habeas corpus. The habeas corpus court denied the petition for failure to comply with procedural requirements and because the Petitioner's sentence had expired. On appeal, we affirm the habeas corpus court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and J. ROSS DYER, JJ., joined.

Antonio Q. Clifton, Forrest City, Arkansas, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Senior Assistant Attorney General; and Amy P. Weirich, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I. Facts

This case arises from the Petitioner's multiple drug convictions between 1998 and 1999. While the record is scant, it appears that the Petitioner pleaded guilty on October 26, 1998, to a Class C felony cocaine possession charge and received a sentence of three years in the county workhouse. He subsequently pleaded guilty on March 2, 1999, to

another Class C felony cocaine possession charge and again received a sentence of three years in the county workhouse. The trial court ordered that the sentences run concurrently. The Petitioner served his sentences and was released. Thereafter, the Petitioner was tried and convicted on federal charges, and he filed multiple filings contending that his state sentences were illegal because the trial court ordered them to be served concurrently rather than consecutively. He asserts that they should have been ordered to run consecutively because he was out on bond for the first offense when he committed the second offense.

We reviewed one of the Petitioner's filings, a Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence filed on March 10, 2015, sixteen years after his conviction. *Clifton*, 2016 WL 6427862, at *1. In that motion, the Petitioner contended that his sentences were illegal because the trial court ordered that he serve the sentences concurrently rather than consecutively. *Id.* The trial court denied the motion, finding that the Petitioner's sentences had expired, citing *State v. Brown*, 479 S.W.3d 200 (Tenn. 2015). On appeal, this court affirmed, stating that *Brown* is clear that Rule 36.1 does not authorize the correction of expired illegal sentences. *Clifton*, 2016 WL 6427862, at *1. Because the Petitioner's sentences were clearly expired, we affirmed the trial court's holding.

The Petitioner filed his second petition for a writ of habeas corpus. In it he alleges that he is not challenging an expired sentence. Instead, he contends he is challenging that his judgment of conviction lists that he pleaded guilty to possession of cocaine with intent to sell when in fact he pleaded guilty only to possession of cocaine. He contends that he is currently incarcerated on an eleven-year sentence based solely because of this error on his judgment form.

The habeas corpus court denied the Petitioner's petition. It noted that the Petitioner had been sentenced to concurrent sentences of three years and that the judgment sheets reflected that the sentences were ordered to be served concurrently. It found that the Petitioner went into custody after entering his plea, served nine months for both sentences, and was released on parole. The trial court further found:

> On October 11, 2012, [the] [P]etitioner filed a Petition for Habeas Corpus Relief petitioning this Court to vacate the sentence or withdraw the guilty plea because the sentences were illegal. On December 6, 2012, this Court entered an order dismissing the petition because the sentence had expired. In 2013, the [P]etitioner pled guilty and [was] sentenced in federal court. The U.S. District Court used the illegal sentence entered in State court to sentence him to 292 months. [The] Petitioner filed a Motion in this court, on October 11, 2012, to Correct an Illegal Sentence. An order was entered

2

denying the petition for failure to state a colorable claim because the sentence had expired and his liberty was no longer being restrained by the State of Tennessee. The [P]etitioner appealed this decision and Court of Criminal Appeals affirmed this trial court's denial. Petitioner then filed this second Petition for Habeas Corpus Relief on June 22, 2018.

[The] Petitioner does not state in his petition that he had filed (1) prior Petition for Writ of Habeas Corpus Relief that was denied. That is required by statute. T.C.A. § 29-21-107 . . . .

Here it appears that the [P]etitioner has filed a Petition for Habeas Corpus relief to attack an expired sentence. And although the [P]etitioner is in custody, he is not in the custody of the State of Tennessee. The judgment and sentence entered by this Court have long since expired.

T.C.A. § 29-21-101(b)(1) states that persons restrained of their liberty pursuant to a guilty plea and negotiated sentence are not entitled to the benefits of this writ on any claim that:

> (1) The petitioner received concurrent sentencing where there
>     was a statutory requirement for consecutive sentencing.

Furthermore, the sentence that he is attacking is a sentence that should have been served consecutively by statute but was served concurrently.

On these grounds, the habeas corpus court denied the petition. It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that he pleaded guilty to "possession of cocaine" and not "possession with intent" to sell cocaine and that his judgments of conviction inaccurately reflect the crime to which he pleaded guilty. The State counters that the Petitioner waived this issue by failing to include his judgments of conviction in the record. It further contends that the Petitioner's sentences are expired, so he is not entitled to relief. We agree with the State.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by

statute. T.C.A. §§ 29-21-101, -130 (2014). The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given de novo review with no presumption of correctness given to the findings and conclusions of the court below. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006) (citation omitted); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999).

It is the petitioner's burden to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the petitioner's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment or sentence is "one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83 (citations omitted); *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000). The petitioner bears the burden of showing, by a preponderance of the evidence, that the conviction is void or that the prison term has expired. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Furthermore, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Archer*, 851 S.W.2d at 165.

The Petitioner contends on appeal that he is currently incarcerated because his federal sentence was enhanced based upon his judgments of conviction stating that he pleaded guilty to possession with intent to sell cocaine rather than simple possession. He has attached to his brief a transcript of the hearing on his Rule 36.1 motion. During the hearing, he testified and agreed that he served nine months in jail for his concurrent sentences, was released and completed parole, and then was not incarcerated for ten years. At the time of his guilty plea for these charges, he knew he was pleading guilty to a felony. After ten years, he was arrested on federal charges, convicted, and is incarcerated on a lengthy sentence. During the hearing on the Rule 36.1 motion, the trial court stated that when it had sentenced the Petitioner, it had questioned him and sentenced him for possession with the intent to sell, as reflected by the judgments of conviction. The trial court found no merit in the Petitioner's argument.

The procedural requirements for habeas corpus relief are mandatory and must be

scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007). The formal requirements include "[t]hat it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure to so do." T.C.A. § 29-21-107. A habeas court may dismiss a petition for habeas corpus relief that fails to comply with these procedural requirements. *Hickman v. State*, 153 S.W.3d 16, 21 (Tenn. 2004).

Having reviewed the record, we note that the Petitioner's application for writ of habeas corpus is not included in the technical record. The Petitioner attached it to his brief. Having reviewed that unofficial copy of his application, we conclude that the Petitioner failed to assert that he had previously filed an application for writ of habeas corpus and that he also failed to attach his judgments of conviction. As such, the habeas corpus court properly dismissed his petition.

### III.  Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the habeas corpus court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE